UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DYLAN SEHR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15CV1436 RLW |
| ) | |
| LABORATORY CORPORATION OF ) | |
| AMERICA HOLDINGS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Strike Plaintiffs' First Amended Complaint (ECF Nos. 19, 20). The motions are fully briefed and ready for disposition.

## **Background**

Plaintiffs filed this action in the Circuit Court of St. Francois County, Missouri on August 10, 2015. Defendant removed the case on the basis of diversity jurisdiction on September 18, 2015. Defendants then filed a Motion to Dismiss Counts VII, VIII and IX of Plaintiffs' Petition and a Motion to Strike the prayer for punitive damages in Counts I through IX of the Petition. (ECF Nos. 9, 10) On October 16, 2015, Plaintiffs filed a First Amended Complaint, alleging nine counts. Plaintiffs allege Roche Biomedical Laboratories, Inc. was a corporation that merged with National Health Laboratories, Inc. in 1995 to form Defendant Laboratory Corporation of America Holdings. (Pls.' First Amended Compl. ("FAC") ¶ 5, ECF No. 14) Plaintiff Dylan Sehr ("Dylan") was born to Plaintiff Elizabeth Sehr ("Sehr") in 1993. (*Id.* at ¶ 7) Sehr sought to prove that Plaintiff William Manser ("Manser") was Dylan's biological father. (*Id.* at 8) On August 24, 1995, using blood samples from Dylan and Sehr, as well as the results of a DNA test

from a sample previously provided by Manser, Defendant preformed genetic DNA testing. (*Id.* at ¶¶ 7-9) Defendant issued a finding that there was a 99.67% probability that Manser was the biological father of Dylan ("1995 Paternity Test"). (*Id.* at ¶ 9) Thereafter, the Circuit Court of Polk County, Missouri entered an order adjudging Manser as the natural father of Dylan and ordering him to pay child support. (*Id.* at ¶ 10)

In August 2013, Plaintiffs traveled to California to participate in a television show, Paternity Court, which determined and resolved paternity disputes. (*Id.* at ¶ 12) Plaintiffs submitted DNA samples, and on August 14, 2013, the testing laboratory issued a finding of 0% probability that Manser was the biological father of Dylan. (*Id.* at ¶¶ 12-14) A second paternity test yielded the same result. (*Id.* at ¶ 16) Plaintiffs filed an action against Defendant alleging Negligence on behalf of Dylan, Sehr, and Manser (Counts I-III); Res Ipsa Loquitur on behalf of Dylan, Sehr, and Manser (Counts IV-VI); and Breach of Contract on behalf of Dylan, Sehr, and Manser (Counts VII-IX). (*Id.* at ¶¶ 17-85) Plaintiffs also request punitive damages for the Negligence and Res Ipsa Loquitur counts.

On October 29, 2013, Defendant renewed its Motion to Dismiss Counts VII, VIII and IX and a Motion to Strike the prayer for punitive damages. (ECF Nos. 19, 20) Defendant asserts that Plaintiffs are unable to state a claim for breach of the contract between the State of Missouri, Department of Social Services, Division of Child Support Enforcement ("DCSE") and Defendant regarding the 1995 Paternity Test. Defendant further contends that punitive damages are not available to Plaintiffs on the Negligence and Res Ipsa Loquitur claims. In response, Plaintiffs claim that they will be able to demonstrate that DCSE contracted with Defendant and that Plaintiffs were intended third-party beneficiaries of said contract. Further, Plaintiffs maintain that they will be able to show that punitive damages are warranted because Defendant's actions

2

were reckless, wanton and willful, and with complete indifference to or in conscious disregard for the interests of Plaintiffs and because Defendant knew or had reason to know that there was a high degree of probability that the Defendant's business practices would result injury to the Plaintiffs.

## Legal Standards

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.

3

*Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. V. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). However, striking a party's pleading is a disfavored and extreme measure. *Id.* (citation omitted).

## Discussion

Defendant argues that Plaintiffs have failed to plead any facts which give rise to a cause of action for breach of contract. In response, Plaintiffs claim that they have adequately pled that they were third-party beneficiaries to the contract because the contract was intended to benefit Plaintiffs. Under Missouri law:

> Only parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract. To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member. In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves. Furthermore, a mere incidental benefit to the third party is insufficient to bind that party.

4

*Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) (quoting *Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. 2007) (quotations and citations omitted)).

Here, neither party has submitted the contract for the Court to determine whether said contract expressed intent to benefit the Plaintiffs. The First Amended Complaint states that each Plaintiff was the primary intended third-party beneficiary of the contract between DCSE and Defendant and that Defendant breached the contract by failing to competently perform the 1995 Paternity Test and by reporting inaccurate findings. (FAC ¶¶ 69-72, 75-78, 81-84) Accepting as true those allegations, the Court finds that Plaintiffs' breach of contract claims should not be dismissed at this time. *Twombly*, 550 U.S. at 555-56. The Court notes the strong presumption that a third party is not a beneficiary to the contract where the contract lacks an express statement of intent to benefit a third party. However, because the Court must look at the terms of the contract to determine the intention of the parties, the Court finds that this issue is better suited for a motion for summary judgment. *See Liberty Life Assur. V. Estate of Barnett*, No. 1:04CV0001 TCM, 2005 WL 1662257, at *10-11 (E.D. Mo. July 8, 2005) (reviewing the terms of a settlement agreement to determine whether the parties intended to create third-party beneficiary status on a motion for summary judgment). Thus, the Court will deny Defendant's Motion to Dismiss Counts VII, VIII, and IX of the First Amended Complaint.

With regard to the motion to strike the request for punitive damages, Defendant argues that punitive damages are ordinarily not recoverable in an action for negligence and that the Court should therefore strike Plaintiffs' prayers for such relief under Rule 12(f). Plaintiffs maintain that they have properly alleged sufficient facts to support their claim for punitive damages. "Under Missouri law, punitive damages are awarded in a negligence case only if, at the time of the alleged negligent act, the defendant 'knew or had reason to know that there was a

high probability that the action would result in injury.'" *Gilbee v. RJW Transport, Inc.*, Nos. 1:10-CV-0060-SNLJ, 1:10-CV-0120-SNLJ, 2010 WL 4974863, at *2 (Nov. 24, 2010) (quoting *Alack v. Vic Tanney Int'l of Missouri*, 923 S.W.2d 330, 338 (Mo. 1996) (internal quotation omitted)).

Here, Plaintiffs allege that they will have evidentiary support to demonstrate that Defendant's business practices of being overburdened and understaffed were reckless, wanton and willful, and with complete indifference to or in conscious disregard for the interests of Plaintiffs. Plaintiffs further claim that Defendant knew or had reason to know that there was a high degree of probability that the Defendant's business practices would result injury to the Plaintiffs. (FAC ¶¶ 22-24, 31-33, 40-42, 48-50, 56-58, 64-66)

A prayer for relief not available under the applicable law, or a prayer asserting a damage claim in excess of the maximum recovery, is properly subject to a motion to strike. *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996) (citations omitted). However, in viewing the pleadings in the light most favorable to the Plaintiffs, the Court should "refrain from deciding new or close questions of law on a motion to strike to avoid the risk of offering an advisory opinion." *Airstructures Worldwide, Ltd. v. Air Structures Am. Techs., Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (citation omitted).

Here, the Defendant has not shown that there is a statutory or other bar to punitive damages in this negligence case sufficient to warrant the extreme measure of striking Plaintiffs' request for punitive damages under Rule 12(f). *See Miller v. DNJ Intermodel Servs., LLC*, No. 2:13-CV-80-SPM, 2013 WL 6159116, at *3 (E.D. Mo. Nov. 25, 2013) (finding no reason to strike plaintiff's claim for punitive damages under a negligence theory where defendants failed to demonstrate a statutory or constitutional bar to such damages under Rule 12(f)); *but see Spinks*

*v. City of St. Louis Water Div.*, 176 F.R.D 572, 574 (E.D. Mo. 1997) (striking prayer for punitive damages where such damages were unavailable against a municipality under Title VII, the Missouri Human Rights Act, § 1981, and § 1983). Thus, the Court will deny Defendant's Motion to Strike.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 19) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiffs' First Amended Complaint (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Petition and Motion to Strike Petition (ECF Nos. 9, 10) are **DENIED** as **MOOT**.

Dated this 23rd day of June, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**